UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

MICHAEL MCEVILY, #339637

    Petitioner,

v.                                            2:08CV520

GENE M. JOHNSON, Director of the
Virginia Department of Corrections,

    Respondent.

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

This matter was initiated by petition for writ of habeas corpus under 28 U.S.C. § 2254. The matter was referred to the undersigned United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72 of the Rules of the United States District Court for the Eastern District of Virginia.

### I. STATEMENT OF THE CASE

#### A. Background

Petitioner is presently incarcerated in the Coffeewood Correctional Center, serving sentences for multiple convictions between August 26 and December 9, 2004, in the Circuit Courts of Fairfax County and Prince William County. Petitioner does not, in this proceeding, challenge any of the underlying convictions.

On December 13, 2007, petitioner filed a petition for writ of habeas corpus in the Supreme Court of Virginia, alleging that: (1) he was not given due process during a classification review hearing on October 29, 2007; (2) he was not given proper scoring, resulting in a reduction in his class level and good time credits; (3) he was not provided with a treatment plan upon his arrival at Coffeewood Correctional Center; and (4) the Virginia Department of Corrections (VDOC) had incorrectly applied

good time credits to his misdemeanor sentences. On May 27, 2008, the petition was refused, and on September 17, 2008, a petition for rehearing was denied.

On or about November 24, 2008,[1] petitioner filed a petition for writ of habeas corpus in the Circuit Court of Fairfax County. At the time respondent filed his motion to dismiss in this case, the state petition was still pending.

On October 27, 2008, petitioner filed a petition for writ of habeas corpus in this Court, and on February 10, 2009, respondent filed a motion to dismiss and Rule 5 answer. This matter is now ripe for consideration.

### B. Grounds Alleged

Petitioner alleges the following grounds:

1. The VDOC miscalculated petitioner's release date by two days (petitioner alleges his release date should be June 23, 2009, rather than June 25, 2009); and

2. Petitioner's costs in pursuing his habeas petitions must be reimbursed by respondent pursuant to 42 U.S.C.A. § 1988(b)(2000).

## II. FINDINGS OF FACT AND CONCLUSIONS OF LAW

### A. Motion to Dismiss Standard

In ruling on a motion to dismiss for failure to state a claim upon which relief can be granted, the complaint is construed in the light most favorable to the plaintiffs and their allegations are taken as true. See Brower v. County of Inyo, 489 U.S. 593, 598 (1989)(citing Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)); Jenkins v. McKeithen, 395 U.S. 411, 421 (1969). The complaint should not be dismissed unless it appears to

---

[1] This petition was filed almost one month after the instant petition was filed, and the Court is not aware of the claims raised therein.

a certainty that the plaintiff can prove no facts in support of his claim which would entitle him to relief. See Conley v. Gibson, 355 U.S. 41, 45-46 (1957); GE Inv. Private Placement Partners II v. Parker, 247 F.3d 543, 548 (4th Cir. 2001); Martin Marietta Corp. v. Int'l Telecomms. Satellite Org., 991 F.2d 94, 97 (4th Cir. 1993). The courts must construe the complaint liberally in favor of the plaintiffs, even if recovery appears remote and unlikely. In ruling on a 12(b)(6) motion, the court primarily considers the allegations in the complaint but may consider attached exhibits and documents incorporated by reference. See Simons v. Montgomery County Police Officers, 762 F.2d 30, 31 (4th Cir. 1985); Wolford v. Budd Co., 149 F.R.D. 127, 129-32 (W.D. Va. 1993).

### B. Standard of Review for State Court Findings

The federal statute regarding review of state court habeas corpus actions provides that:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(2000).

This standard, adopted by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub.L.No. 104-132, is consistent with the Fourth Circuit's interpretation of 28 U.S.C. § 2254(d) prior to the passage of the new law. In Fields v. Murray, 49 F.3d 1024 (4th Cir.

1995), the court held that a review of a state court finding, which is entitled to a presumption of correctness, compels the habeas court to accord a high measure of deference to the state court. See id. at 1032-33 (citing Rushen v. Spain, 464 U.S. 114, 120 (1983); Sumner v. Mata, 455 U.S. 591, 598 (1982)). As stated in Marshall v. Lonberger, 459 U.S. 422 (1983), "[t]his deference requires that a federal habeas court more than simply disagree with the state court before rejecting its factual determinations. Instead, it must conclude that the state court's findings lacked even 'fair [] support' in the record." Id. at 432.

### C. Petitioner's Claim is Exhausted and is Subject to Federal Review.

The exhaustion requirement dictates that a petitioner must first present his claims for relief to state courts before a petition for habeas corpus may be granted by the federal courts.

> (b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that--
>
> (A) the applicant has exhausted the remedies available in the courts of the State; or
>
> (B)(i) there is an absence of available State corrective process; or
>
> (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.
>
> . . . .
>
> (c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

28 U.S.C. §§ 2254(b)-(c) (2000).

A claim raised in a federal petition for writ of habeas corpus must be the same claim as that presented in state proceedings. See Picard v. Connor, 404 U.S. 270, 275-76 (1971); Pitchess v. Davis, 421 U.S. 482, 487 (1975); Joseph v. Angelone, 184 F.3d 320, 325 (4th Cir. 1999); Beck v. Angelone, 113 F. Supp.2d 941, 960-61 (E.D. Va. 2000); see also Anderson v. Harless, 459 U.S. 4, 6 (1982); Duncan v. Henry, 513 U.S. 364, 365 (1995); Satcher v. Pruett, 126 F.3d 561, 573 (4th Cir. 1997).

Respondent argues that petitioner has not exhausted his claim regarding the miscalculation of his release date to the Supreme Court of Virginia, but the Court disagrees. While petitioner may not have specifically stated in his state petition filed December 13, 2007, that his release date had been incorrectly calculated by two days (from June 23, 2009, to June 25, 2009), he clearly claimed that there was an error in the calculation of his release date. The Court gives petitioner the benefit of the doubt regarding the claim and determines that it is exhausted.

### D. Claim is Moot

Even though petitioners' claim is exhausted, the issue is moot. Since petitioner's anticipated mandatory release date has been corrected from June 25, 2009 to June 23, 2009, the issue is "no longer 'live' and petitioner lacks a legally cognizable interest in the outcome." U.S. Parole Comm'n v. Geraghty, 445 U.S. 388, 396 (1980) (quoting Powell v. McCormack, 395 U.S. 486, 496 (1969)). Therefore, petitioner's claim is MOOT, and the petition should be DISMISSED.

### E. Petitioner Seeks Relief Under 42 U.S.C § 1988.

Petitioner seeks reimbursement of his costs associated with this litigation. The statute petitioner relies upon states that a court

may, in its discretion, award reasonable attorney's fees to the prevailing party in certain enumerated civil rights actions. However, federal habeas petitions under 28 U.S.C. § 2254 are not among the actions eligible under § 1988 for the award of attorney's fees. 42 U.S.C.A. § 1988(b)(2000); Larsen v. Sielaff, 702 F.2d 116, 118 (7th Cir. 1983). More importantly, petitioner was not represented by counsel and therefore, incurred no attorney's fees. Petitioner is merely seeking reimbursement of filing fees, "mailing, paying for copies[,] and the extensive time spent researching and developing argument in order to correct a mistake." (Response to Pleading of Counsel for the Resp't: Dated February 10, 2009, at 2.) Petitioner is simply not entitled to the reimbursement he seeks, and therefore, the request should be DENIED.

### III.  RECOMMENDATION

For the foregoing reasons, the Court recommends that petitioner's petition for writ of habeas corpus be DISMISSED and respondent's motion to dismiss be GRANTED. Petitioner has failed to demonstrate "a substantial showing of the denial of a constitutional right." Therefore, it is recommended that the Court decline to issue any certificate of appealability pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure. See Miller-El v. Cockrell, 123 S.Ct. 1029, 1039 (2003).

### IV.  REVIEW PROCEDURE

By copy of this Report and Recommendation, the parties are notified that pursuant to 28 U.S.C. § 636(b)(1)(C):

1. Any party may serve upon the other party and file with the Clerk written objections to the foregoing findings and recommendations within ten days from the date of mailing of this report to the objecting party, computed pursuant to Rule 6(a) of the Federal Rules of Civil

Procedure, plus three days permitted by Rule 6(d) of said rules. See 28 U.S.C. § 636(b)(1)(C)(2000); FED.R.CIV.P. 72(b). A party may respond to another party's objections within ten days after being served with a copy thereof.

2. A district judge shall make a de novo determination of those portions of this report or specified findings or recommendations to which objection is made.

The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in waiver of right to appeal from a judgment of this court based on such findings and recommendations. See Thomas v. Arn, 474 U.S. 140 (1985); Carr v. Hutto, 737 F.2d 433 (4th Cir. 1984); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

                                                      /s/
                                    James E. Bradberry
                                  United States Magistrate Judge

Norfolk, Virginia

June 3, 2009

### Clerk's Mailing Certificate

A copy of the foregoing Report was mailed this date to each of the following:

Michael McEvily, #339637, pro se
Coffeewood Correctional Center
P.O. Box 500
Mitchells, VA  22729

Mark R. Davis, Esq.
Assistant Attorney General of Virginia
900 E. Main Street
Richmond, VA  23219

Fernando Galindo, Clerk

By _____
        Deputy Clerk

_____6-4-09_____, 2009